UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON, | Case No.  1:26-cv-01235-HBK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | MARCH 18, 2026 DEADLINE |
| DIAZ, et al., | |
| Defendants. | |

Plaintiff—a prisoner—initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 that was docketed on February 13, 2026.  (Doc. 1).  In his certified Complaint dated and signed "under penalty of perjury," Plaintiff states he has filed only three other lawsuits while a prisoner. (Doc. 1 at 2, 18).

The Court takes judicial notice[1] of its records which reveal that Plaintiff has filed the following seven cases before he filed the instant case: (1) *Thompson v. Allison et al.*, No. 1:21-cv-00001-AWI-JLT (E.D. Cal.)[2]; (2) *Thompson v. Terhune, et al.*, No. 3:02-cv-00291-JM-POR (S.D.

---

[1] Pursuant to Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

[2] Plaintiff did identify this case, which was dismissed without prejudice for Plaintiff's failure to exhaust which was clear from the face of the complaint.

Cal.)[3]; (3) *Thompson v. Kernan, et al.*, No. 1:07-cv-00572-AWI-BAM (E.D. Cal.)[4]; (4) *Thompson v. Harris et al.*, No. 5:16-cv-05242-EJD (N.D. Cal.)[5]; (5) *Travis R. Thompson v. State of California et al.*, No. 1:14-cv-01240-AWI-SMS (E.D. Cal.)[6]; (6) *Thompson v. Hamrick, et al.*, No. 3:05-cv-00704-JAH-NLS (S.D. Cal. 2005)[7]; and (7) *Thompson v. Sosa, et al.*, No. 3:03-cv-01726-IEG-BLM (S.D. Cal.)[8]. Therefore, it appears Plaintiff's representation, under penalty of perjury, that he has filed only three prior lawsuits while a prisoner is not correct.[9] Plaintiff is advised, although he may be proceeding *pro se*, he is nevertheless governed by the Federal Rules of Civil Procedure, including Rule 11.

Under Rule 11, the person who signs, files, submits, or later advocates any paper to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," *inter alia*, the paper "is not being presented for any improper purpose," and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1), (3). The Court may sanction people who violate Rule 11 and may exercise its inherent authority to respond to a party's bad faith conduct. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996) (Rule 11 sanctions may be imposed against *pro se* litigant); *Walker v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (same).

Fraud on the court is an example of bad faith conduct meriting sanctions under the court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991) (affirming sanctions against plaintiff "for the fraud he perpetrated on the court"). Courts find a complaint "malicious

---

[3] This case was dismissed for failure to prosecute based on Plaintiff's failure to file an amended complaint after the court dismissed the original complaint as frivolous and gave Plaintiff leave to amend.

[4] Plaintiff did identify this case, which was dismissed without prejudice pursuant to Local Rule 110 for failure to comply with a court order based off Plaintiff's repeated violation of Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement when filing amended complaints.

[5] This case was dismissed for failure to state a claim because Plaintiff was seeking a writ against SCOTUS law clerks to accept Plaintiff's untimely petition for writ of certiorari.

[6] This case was dismissed for lack of jurisdiction.

[7] This case was dismissed for failure to state a claim because all defendants were immune from suit.

[8] Plaintiff did identify this case in which summary judgment was granted for the defendants.

[9] It appears on a cursory review that Plaintiff's application to proceed *in forma pauperis* may be barred under § 1915(g). Under § 1915(g), "the three-strikes bar," prisoners who have had on three or more prior occasions a case dismissed as frivolous, malicious, or for failure to state a claim may be barred from proceeding in forma pauperis in future civil actions and required to prepay the filing fee in full. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

2

when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury." *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (citation omitted).  This is because "'perjury is among the worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts." *Kennedy v. Huibregtse*, No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13, 2015), *aff'd*, 831 F.3d 441 (7th Cir. 2016) (quoting *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014)).

The Court will afford Plaintiff an opportunity to show cause why the district court should not dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.

Accordingly, it is hereby ORDERED:

1.  No later than **March 17, 2026**, Plaintiff shall show cause why the district court should not dismiss this case for Plaintiff providing false statements on the complaint form.

2.  If Plaintiff fails to timely respond to this show cause order, the Court will recommend the district court dismiss this case as a sanction for Plaintiff's abuse of the judicial process, which will count as a strike.

3.  In the alternative, by the same date, Plaintiff can file a Notice to Voluntarily Dismiss Case Under Federal Rule of Civil Procedure 41 to avoid a further strike.[10]

Dated:   February 19, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[10] The Court will defer ruling on Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) to avoid assessing the filing fees or making a determination that Plaintiff may be barred under the three-strikes rule until after Plaintiff responds to this Order to Show Cause.

3