UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS RAY THOMPSON,<br><br>               Plaintiff,<br><br>     v.<br><br>DIAZ, et al.,<br><br>               Defendants. | Case No.  1:26-cv-01235-HBK (PC)<br><br>ORDER TO DISCHARGE ORDER TO SHOW CAUSE<br><br>(Doc. 6)<br><br>ORDER TO RANDOMLY ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g)[1]<br><br>(Doc. 5)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff—a prisoner—initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on February 13, 2026.  (Doc. 1, "Complaint").  Plaintiff seeks to proceed *in forma pauperis* ("IFP") in this action.  (Doc. 5).   The undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes and the Complaint does not establish that Plaintiff meets the imminent danger exception.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

## BACKGROUND AND FACTS

Plaintiff initiated this action by filing a civil rights complaint that was signed on January 2, 2026.  (Doc. 1 at 18).  The Complaint lists the following defendants: Ralph Diaz, Secretary at California Department of Corrections and Rehabilitation; Connie Gipson, Director at Division of Adult Institutions; and Patwin Horn, Warden at Kern Valley State Prison.  (*Id*. at 2).  The Complaint outlines six causes of action: (1) violation of the First Amendment for withholding "Plaintiff's Habeus Challenging RVR Disposition"; (2) violation of due process for withholding exculpatory video footage of an incident that led to Plaintiff receiving an RVR for battery; (3) "Non-Prosecution Of Over-familiarity Charge Was Dispositive In Itself, If Solicitation Is A Felony"; (4) violation of the Fourth Amendment for a search of his cell; (5) violation of due process for withholding video footage for an incident that led to Plaintiff receiving an RVR for possession of a deadly weapon; and (6) violation of due process for improper sex offender classification absent a conviction.  (*Id*. at 3-17).

Upon review of the Complaint, the Court ordered Plaintiff to show cause why the district court should not dismiss this case as a sanction for Plaintiff's apparent bad faith conduct under Rule 11 and pursuant to its inherent authority.  (Doc. 6).  The show cause order issued because Plaintiff asserted, under the penalty of perjury, that he had only filed three other lawsuits while a prisoner whereas court records revealed that he had filed significantly more cases before filing the instant action.  On March 23, 2026, Plaintiff filed a response to the show cause order.  (Doc. 9).

## ORDER TO SHOW CAUSE

In response to the Court's order to show cause, Plaintiff declares, under the penalty of perjury, that his misstatements about how many cases he has filed while a prisoner was not fraud on the Court because most of his legal records were in storage at the time that he drafted the Complaint.  (Doc. 9 at 5-6).  He declares that he is only allowed to keep one cubic foot of pending case material in his cell and that he had attempted to gain access to the rest of his records at the time "to determine which [of his prior cases] would be 'qualifying strikes' for purposes of § 1915(g)." (*Id.* at 5, ¶¶ 6-8).  Plaintiff further argues that he meets the imminent danger exception to proceed in this action.  (*Id*. at 4:12-18).

The order to show cause did not focus on the qualifying strikes that Plaintiff discusses in his response.  Rather, the Court ordered Plaintiff to show why he had represented in the Complaint that he had only filed three lawsuits while a prisoner when he had actually filed significantly more.  (Doc. 6).  Nevertheless, the Court gives Plaintiff the benefit of the doubt and interprets his response as saying that he was also unable to check his legal records to determine how many total cases he has filed as a prisoner.  Accordingly, the Court will discharge the order to show cause and consider Plaintiff's IFP motion.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

### A. Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case.  *See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*,

3

738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint.  *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."  *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226,

4

1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

### B.  Plaintiff Has Three or More Qualifying Strikes.

A review of the PACER Database reveals that Plaintiff has filed over 30 civil actions or appeals in a court of the United States.[2]  The Court takes judicial notice that Plaintiff has incurred at least three strikes prior to filing the instant action:

- *Thompson v. Allison, et al.*, No. 1:21-cv-00001-AWI-JLT (E.D. Cal. Apr. 21, 2021) , *aff'd* Appeal No. 21-15812 (9th Cir. May 26, 2022) (dismissed for failure to exhaust clear from face complaint) (Doc. 16);

- *Thompson v. Harris, et al.*, No. 5:16-cv-05242-EJD (N.D. Cal. Jan. 17, 2017) (dismissed for failure to state a claim) (Doc. 8);

- *Thompson v. Harris, et al.*, Appeal No. 17-17210 (9th Cir. Apr. 16, 2018) (appeal dismissed as frivolous) (Doc. 9);

- *Thompson v. Cal Terhune, et al.*, No. 3:02-cv-00291-JM-POR (S.D. Cal. July 10, 2002) (dismissed for failure to state a claim. ) (Doc. 4); and

- *Thompson v. Woodford, et al.*, No. 3:06-cv-02298-IEG-RBB (S.D. Cal. Nov. 14, 2006) (dismissed for failure to state a claim) (Doc. 4).

Each of the dismissals for failure to state a claim constitutes a strike.  *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893–94 (9th Cir. 2011).  And a dismissal for lack of exhaustion that is clear from the face of the complaint qualifies as a strike.  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).  Indeed, Plaintiff does not contest that he has accumulated three-strikes, but, rather, argues that he be allowed to proceed IFP under the imminent danger exception.  (Doc. 9 at 1-4).

---

[2] https://pacer.uscourts.gov.

5

### C. The Imminent Danger Exception Does Not Apply

Because Plaintiff has been deemed a three-striker, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the Complaint is filed. *Andrews*, 493 F.3d at 1052-53. Liberally construing the Complaint and Plaintiff's response to the order to show cause, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed the action.

In his response to the order to show cause, Plaintiff asserts that he qualifies for the imminent danger exception "where he had a liberty interest in expungement of his Central File of the RVR's in question, to find him suitable for parole, ahead of his Jan. 2027 parole hearing, in light of the fact the 12-12-17, and 9-10-18 Memo's by Defendant CDCR Sec'y Ralph Diaz, calling for the integration of SNY/GP yards (a documented conspiracy against Plaintiff's life, and liberty)." (Doc. 9 at 3). Moreover, even construing the Complaint liberally, Plaintiff alleges the same concerns regarding expungement of RVR's without any discussion of being in imminent danger of serious physical injury. (*See generally* Doc. 1). Indeed, under the Complaint's "Injury" section, the only injury Plaintiff lists is that "[i]f subject RVR is not expunged from Plaintiff's Central File, it could affect his parole suitability determination in January 2027." (*Id.* at 3). Plaintiff's response to the other to show cause further acknowledges that the only danger he faces is the potential effect of the RVR's by stating:

> Where the three-strikes exception under § 1915(g) is limited to situations involving imminent danger of serious physical injury, it <u>could</u> extend to liberty interests in parole suitability determinations or expungement of central file material under the circumstances, where denial of parole based on the RVR's <u>could</u> constitute the type of physical danger the exception was designed to address.

(Doc. 9 at 4) (emphasis in original).[3] Therefore, there are no credible allegations that Plaintiff

---

[3] Plaintiff's response to the order to show cause asserts at one point that "[i]n-camera hearings, and review of confidential files of others involved in the incidents subject of the RVR's would be necessary for the court to determine if an imminent danger exists." (Doc. 9 at 5, ¶ 4). This statement is too vague for the Court to discern whether it is discussing the same imminent danger of non-expunged RVR's purported in the rest of the response or if it is asserting an additional imminent danger. Regardless, such assertion is insufficient. *See Uhuru v. Cuevas*, 2023 WL 5562418, at *2 (E.D. Cal. Aug. 29, 2023), *report and*

was under imminent danger of serious physical injury at the time he filed this action. As such, he may not proceed without paying the full filing fee. *See Andrews*, 493 F.3d at 1051-52 (ruling that the imminent danger exception only applies where "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint); *cf. Taylor v. Washington Cnty. Jail*, No. 2:25-CV-00283-IM, 2025 WL 4358949, at *1 (D. Or. Feb. 24, 2025) ("Plaintiff alleges that the Washington County Jail does not have a law library. Plaintiff's claim does not suggest a present threat of imminent physical danger and therefore does not satisfy the imminent danger exception to Section 1915(g)."); *Richey v. Fleenor*, No. C14-5158 RBL-KLS, 2014 WL 5111588, at *3 (W.D. Wash. Oct. 10, 2014) ("Mr. Richey's claim herein relates to his ability to send mail to the courts in January 2014. He does not allege danger of any sort of physical injury, much less an imminent serious physical danger . . . Therefore, the imminent danger does not apply and Mr. Richey is subject to the three-strike rule.").

Because there are no factual allegations from which the Court can infer that Plaintiff was currently under threat of imminent physical danger sufficient to invoke the § 1915(g) exception, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Accordingly, it is hereby ORDERED:

1. The order to show cause (Doc. 6) is DISCHARGED; and

2. The Clerk of Court shall randomly assign this case to a district judge for purposes of these Findings and Recommendations.

It is further RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 5) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

---

*recommendation adopted,* 2023 WL 6214881 (E.D. Cal. Sept. 25, 2023) (quoting *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)) ("'Vague and utterly conclusory assertions' of harm are insufficient.").

2. Plaintiff be directed to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:     April 9, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE